SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CHARLES SINGLETARY
922 Sixth Street, N.E.
Washington, D.C. 20002
    Plaintiff,

v.                                                                Civil Action No. 0007470-05

DISTRICT OF COLUMBIA
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

NIKEITH GOINS
415 Fourth Street, S.W.
Washington, D.C. 20024

JOHN DOE
415 Fourth Street, S.W.
Washington, D.C. 20024
    Defendants.



FILED
CIVIL ACTIONS BRANCH
SEP 1 4 2005
Superior Court
of the District of Columbia
Washington, D.C.

For the District of Columbia, serve:

a) Office of the Mayor
1350 Pennsylvania Avenue, N.W.
Fourth Floor
Washington, D.C. 20004

b) Office of the Attorney General
1350 Pennsylvania Avenue, N.W.
Fourth Floor
Washington, D.C. 20004

—— COMPLAINT ——

### Jurisdiction

1. The Plaintiff Charles Singletary is an adult citizen of the District of Columbia residing at 922 Sixth Street, N.E., Washington, D.C. 20002.

2. The Defendant District of Columbia is a municipal government and corporation with its principal office located at 1350 Pennsylvania Avenue, N.W., Washington,

**05 2132**

FILED
NOV - 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



20004. The Metropolitan Police of the District of Columbia is a subordinate agency of the District of Columbia.

3. The Defendant Nikeith Goins is an officer of the Metropolitan Police of the District of Columbia whose current residential address is unknown. Upon information and belief, his business address is 415 Fourth Street, S.W., Washington, D.C. 20024.

4. The Plaintiff is not yet aware of the true name of the Defendant sued herein as John Doe and, therefore, sues him by that fictitious name. The Plaintiff is informed and believes that the fictitiously-named Defendant is an officer of the Metropolitan Police of the District of Columbia who knowingly, maliciously and willfully acted, aided and abetted, or otherwise conspired with the Defendant Goins to tortiously injure the Plaintiff in the manner described in this *Complaint*. The Plaintiff will seek leave of this Court to amend this *Complaint* by inserting the actual name of said officer at such time as it has been identified.

5. On February 2, 2005, the Plaintiff complied with the requirements of 12 D.C. Code 309 by providing the Honorable Anthony Williams, Mayor of the District of Columbia, with adequate and timely notice of the incident giving rise to this lawsuit.

6. An acts hereinafter alleged occurred within the District of Columbia

7. Jurisdiction over the subject-matter and parties to this action is conferred upon this Court pursuant to 11 D.C. Code 921, 13 D.C. Code 423(a)(3), 42 U.S.C. 1983, and the Fourth Amendment to the Constitution of the United States.

2



## Count I: Assault (Excessive Force)

8. Between approximately 9:00 p.m., and 10:00 p.m., on September 15, 2004, the Plaintiff Charles Singletary was attempting to retrieve a pack of cigarettes from the automobile which he had earlier parked across the street from his mother's residence located at 922 Sixth Street, N.E. After retrieving those cigarettes, Mr. Singletary was approached by the Defendant Goins, who at all times hereinafter alleged was acting within the scope of his employment as an officer of the Metropolitan Police of the District of Columbia.

9. At the conclusion of a subsequent verbal interchange, the Defendant Goins grabbed Mr. Singletary and slammed him on the hood of a Mercedes-Benz automobile with such force as to cause its hood ornament to break. After then being thrown to the ground by the Defendant Goins, Mr. Singletary assumed a fetal position in an attempt to avoid further injury.

10. At this point, the Defendant Goins' partner, the Defendant John Doe, also joined in the assault and/or use of excessive force upon Mr. Singletary. One of Defendant police officers initially placed his knee upon Mr. Singletary's neck; the other Defendant police officer placed his knee upon Mr. Singletary's back. The Defendant police officers then picked Mr. Singletary up by his arms and inflicted great pain upon him by bending his body backward across a metal gate in a nearby fence. The Defendant police officers then threw Mr. Singletary to the ground and the Defendant John Doe placed a metal police baton behind Mr. Singletary's right elbow while threatening to break his arm.

11. Without probable cause to believe that he had committed any criminal offense, the Defendant police officers then arrested Mr. Singletary for disorderly conduct. Mr. Singletary was transported to the First District police station, and – after being examined and/or treated for his injuries at George Washington University Hospital – was ultimately released from custody in the early morning hours of September 16, 2004.

12. As a direct and proximate result of the assaults and/or utilizations of excessive force jointly and severally perpetrated by the Defendants Goins and John Doe, the Plaintiff suffered injuries to his person and experienced emotional distress, all to his damage in the amount of two hundred and fifty thousand dollars.

### Count II: False Arrest

13. The legal and factual allegations contained in paragraphs one through eleven inclusive of this *Complaint* are incorporated by reference into Count II.

14. The detention of Mr. Singletary by the Defendants Goins and John Doe without probable cause to believe that he had committed, or was in the process of committing, a criminal offense constituted a false arrest.

15. As a direct and proximate result of being falsely arrested by the Defendants Goins and John Doe, Mr. Singletary was deprived of his freedom, suffered injuries to his person and experienced emotional distress, all to his damage in the amount of two hundred and fifty thousand dollars.

### Count III: Violation of Civil and Constitutional Rights

16. The legal and factual allegations contained in paragraphs one through eleven inclusive of this *Complaint* are incorporated by reference into Count III.

17. The actions undertaken by the Defendants Goins and John Doe – who at all times alleged herein were acting under color of law – toward Mr. Singletary were in violation of his civil rights under the Fourth Amendment and the laws of the United States to be free from: assault from persons acting under color of law; false arrest by persons acting under color of law; and the use of excessive force during an arrest by persons acting under color of law.

18. As a direct and proximate result of the violations of his civil and constitutional rights force jointly and severally perpetrated by the Defendants Goins and John Doe, Mr. Singletary was deprived of his freedom, suffered injuries to his person and experienced emotional distress, all to his damage in the amount of two hundred and fifty thousand dollars.

### Prayer For Relief

**WHEREFORE**, the premises considered, the Plaintiff Charles Singletary respectfully prays this Court to:

- Grant him judgment, joint and several, against the Defendants District of Columbia, Nikeith Goins and John Doe in the amount of two hundred and fifty thousand dollars in compensatory damages with regard to the allegations in Counts I and II of this *Complaint*;

- Grant him judgment, joint and several, against the Defendants Nikeith Goins and John Doe in the amount of two hundred and fifty thousand dollars in compensatory damages and further award reasonable attorneys fees with regard to the allegations in Count III of this *Complaint*;

- With regard to any judgment granted against the Defendants Nikeith Goins and John Doe with respect to any Count of this *Complaint*, award him one hundred thousand dollars in punitive damages to be jointly and severally assessed solely against those Defendants; and

- With regard to each Count of this *Complaint* in which judgment is granted against any Defendant, award him reasonable costs and interest.

Respectfully submitted,

James T. Maloney #254102
Maloney & Mohsen PLLC
4201 Connecticut Avenue, NW
Suite 500
Washington, DC 20008-1163
Tel: (202) 237-6800 x202
Fax: (202) 966-5270
E-mail: verdict@verizon.net

### Jury Demand

The Plaintiff respectfully demands a trial by jury as to all issues and parties.

James T. Maloney

6