**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES SINGLETARY )<br>922 Sixth Street, N.E. )<br>Washington, D.C. 20002, )<br>                                            )<br>        Plaintiff,              )<br>                                            )   Civil Action No. 05-2132 (JR)<br>     v.                              )<br>                                            )<br>DISTRICT OF COLUMBIA )<br>One Judiciary Square      )<br>441 Fourth Street, N.W.   )<br>Sixth Floor South              )<br>Washington, D.C. 20001  )<br>                                            )<br>NIKEITH GOINS              )<br>415 Fourth Street, S.W.   )<br>Washington, D.C. 20024  )<br>                                            )<br>JOHN DOE                      )<br>415 Fourth Street, S.W.   )<br>Washington, D.C. 20001, )<br>                                            )<br>        Defendants.        )<br>_____) | |

**THE DEFENDANT THE DISTICT OF COLUMBIA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia (hereinafter, the "District"), by and through undersigned counsel, answers the Complaint herein as follows:

First Defense

Plaintiff failed to state a claim upon which relief can be granted.

Second Defense

The defendant District hereby responds to plaintiff's numbered paragraphs as follows:

Jurisdiction

1. The District is without sufficient information to either admit or deny the allegation as contained in ¶ 1 of the complaint. To the extent any response is required, the District denies the allegations.

2-3. The District admits the allegations as contained in ¶¶ 2 and 3 of the complaint.

4. The allegations as contained in ¶ 4 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations a contained in ¶ 4 of the complaint.

5. The allegations as contained in ¶ 5 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations a contained in ¶ 5 of the complaint..

6. The District is without sufficient information to either admit or deny the allegations as contained in ¶ 6 of the complaint. To the extent any response is required, the District denies the allegations.

7. The allegations as contained in ¶ 7 of the complaint state the legal conclusions of the pleader to which no response is required.

Count I-Assault (Excessive Force)

8-10. The District is without sufficient information to either admit or deny the allegations as contained in ¶¶ 8 through 10 of the complaint. To the extent any response is required, the District denies the allegations.

11.-12. The allegations as contained in ¶¶ 11 and 12 state the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations as stated in ¶¶ 11 and 12 of the complaint.

## Count II-False Arrest

13. The District hereby incorporates its responses to ¶¶ 1 through 13 by reference herein.

14-15. The allegations as contained in ¶¶ 14 and 15 state the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations as stated in ¶¶ 14 and 15 of the complaint.

## Count III- Violation of Civil and Constitutional Rights

16. The District hereby incorporates its responses to ¶¶ 1 through 15 by reference herein.

17-18. The allegations as contained in ¶¶ 17 and 18 state the legal conclusions of the pleader to which no response is required. To the extent any response is required, the District denies the allegations as stated in ¶¶ 17 and 18 of the complaint.

Further answering, the District herein denies any all allegations of wrongful conduct, intentional or otherwise, not specifically admitted to or otherwise answered.

## Third Defense

The actions of the District, by and through its agents/or employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

Fourth Defense

The actions of the District, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

Fifth Defense

The actions of the District, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

Sixth Defense

If plaintiff was injured as alleged in the Complaint, such injuries were the result of the criminal acts of third persons and not the District, its employees or agents.

Seventh Defense

If plaintiff was injured as alleged in the Complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

Eighth Defense

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

Ninth Defense

Plaintiff can not prove facts sufficient to maintain a constitutional cause of action against the District pursuant to 42 U.S.C. 1983, *et seq.*

Tenth Defense

The District denies all allegations of wrongdoing, including, but not limited to, violations of common law, constitutional law, statutory and operational standards, negligence and deliberate indifference.

Eleventh Defense

The District is not liable for the conduct of any of its employees who may have acted beyond the scope of their employment.

Twelfth Defense

Plaintiff has failed to mitigate damages.

Thirteenth Defense

The plaintiff may have failed to comply with the mandatory requirements of D.C. Official Code § 12-309.

SET-OFF

This defendant claims a set-off for any and all funds paid to plaintiff by Medicaid or any other form of public assistance or aide as a result of this incident.

JURY DEMAND

The District demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, the District requests that the plaintiff's Complaint be dismissed with prejudice, with costs awarded.

FURTHER, the District reserves the right to amend its answer pursuant to Fed. Rule Civ. Procedure 15.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Sec. IV

                                                                        _____
GEORGE E. RICKMAN #433298
Assistant Attorney General
General Litigation Section IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625